UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIL B. THOMAS,

        Petitioner,

                              CASE NO. 07-CV-15177
v.                               HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### **I. Introduction**

Jamil B. Thomas ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to 30 to 50 years imprisonment in 1996. In his habeas petition, Petitioner raises two claims concerning the validity of his sentence.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears

1

from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court denies with prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Facts and Procedural History

Petitioner's convictions arise from a shooting death which occurred on June 22, 1995 in Wayne County, Michigan. The record indicates that Petitioner shot the victim twice in the chest. Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the trial court's state of mind jury instruction (and defense counsel's failure to object), the trial court's admission of gun evidence (and defense counsel's failure to object), the trial court's upward departure from the sentencing guidelines, and the trial court's denial of a motion for expenses. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *See People v. Thomas*, No. 193869, 1997 WL 33331088 (Mich. Ct. App. Nov. 21, 1997) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Thomas*, 459 Mich. 857, 583 N.W.2d 902 (1998).

On September 21, 2004, Petitioner filed a motion for relief from judgment with the trial court raising his sentencing claims, which was denied on February 13, 2005. Petitioner filed an

application for leave to appeal with the Michigan Court of Appeals which was also denied. *See People v. Thomas*, No. 268241 (Mich. Ct. App. Aug. 16, 2006) (unpublished). He then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Thomas*, 477 Mich. 975, 725 N.W.2d 34 (2006).

Petitioner, through counsel, has submitted his federal habeas petition, asserting the following claims:

I. The sentencing court increased the statutory sentencing guidelines range based on facts not found by the jury beyond a reasonable doubt or admitted by defendant in violation of *Blakely v. Washington*.

II. The trial judge failed to state sufficient objective and verifiable reasons, that are not already taken into account in the sentencing guidelines, to support the deviation above the recommended range of the guidelines; and even if the reasons for deviation are permissible they did not support the extent of the upward deviation.

The Court shall address the merits of Petitioner's claims.[1]

### III. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

---

[1]The Court notes that Petitioner's claims also appear to be barred by the one-year statute of limitations applicable to habeas actions given that he concluded his state direct appeals in 1998 and did not file his motion for relief from judgment with the trial court until 2004. *See* 28 U.S.C. § 2244(d). Petitioner has presented no arguments for statutory or equitable tolling of the one-year period. Moreover, any assertion that the *Blakely* decision should extend the one-year period lacks merit as that decision has not been made retroactive to cases on collateral review. *See Spiridigliozzi v. United States,* 117 Fed. Appx. 385, 394 (6th Cir. Nov. 15, 2004) (*Blakely* and related decisions do not apply retroactively on collateral review); *see also Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004)).

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

4

the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Blakely Sentencing Claim

Petitioner first contends that he is entitled to habeas relief because he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), when the trial court departed above the recommended minimum guideline range under state law in sentencing him to 30 to 50 years imprisonment on his second-degree murder conviction. The recommended guideline range for Petitioner's minimum sentence was 10 to 25 years imprisonment. The maximum sentence allowable under Michigan law for second-degree murder is a term of life imprisonment. *See* Mich. Comp. L. § 750.317.

Petitioner cannot prevail on his claim that he is entitled to habeas relief because the trial

court relied upon facts not presented to the jury nor admitted by him in imposing his sentence in violation of his constitutional rights. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id*. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.

In *People v. Drohan*, 475 Mich. 140, 160-64, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines and imposing an upward departure from the minimum guideline range

did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Jones v. Trombley*, No. 07-CV-10139, 2007 WL 405835, *3 (E.D. Mich. Jan. 31, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

### C. Upward Departure Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to provide sufficient objective and verifiable reasons, not already taken into account in the sentencing guidelines, to justify its upward departure from the recommended minimum guideline range. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the trial court erred in departing above the guideline range is not cognizable on federal habeas review because it is a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in departing above the guideline range does not merit federal habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner relies solely upon state law in making this claim and only alleges a violation of state law. While his sentence of 30 to 50 years imprisonment may exceed the minimum guideline range, it is within the statutory maximum of life imprisonment. *See* Mich.

Comp. L. § 750.317. Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court finds that it is presently in the best position

to make a COA ruling. Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: December 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 13, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager